IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN M. FROST, | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 5:19-CV-00469 |
| JAVIER SALAZAR, INDIVIDUALLY | § | |
| and in his official capacity as BEXAR | § | |
| COUNTY SHERIFF, BEXAR COUNTY, | § | |
| TEXAS, | § | |
|    Defendant. | § | |

## VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, RYAN M. FROST, Plaintiff, by and through undersigned counsel, and file this Verified Original Complaint complaining of JAVIER SALAZAR, Individually and in his official capacity as Bexar County Sheriff, Bexar County, Texas, Defendant, and in support thereof would show the Court as follows:

### I. PARTIES

1.1 Ryan M. Frost (Ryan) is a person residing in Bexar County, Texas.

1.2 Javier Salazar, Individually and in his official capacity as Bexar County Sheriff, Bexar County, Texas is a person residing in Bexar County, Texas. Sheriff Salazar may be served with process at 200 N. Comal St., San Antonio, Texas 78207.

1

## II. JURISDICTION AND VENUE

2.1     Jurisdiction of this Court is invoked under 28 U.S.C., Sections 1331 in order to secure relief authorized by 42 U.S.C., §§ 1983 and 1988 pursuant to the First and Fourteenth Amendments to the Constitution of the United States.

2.2     Ryan submits that he has fulfilled all notice requirements for filing suit.

2.3     Ryan submits that venue for this case is proper in the Western District of Texas, San Antonio Division.

## III.  FACTUAL AND PROCEDURAL BACKGROUND

3.1     Ryan has two misdemeanor charges pending in Bexar County Court at Law No. 14 including Cause Nos. 580678 & 580680.

3.2      On or about July 7, 2018, Ryan was arrested and released on bond. Ryan complied with the terms and conditions of his bond, and he was not in violation of the terms of his bond, while awaiting trial.

3.3     On July 27, 2018, Ryan appeared in County Court at Law No. 14, and the Court appointed James Oltersdorf as his attorney.

3.4     On August 15, 2018, Ryan appeared in County Court at Law No. 14, and the Court transferred the case to Magistrate Court No. 12 and ordered Ryan to submit to a competency evaluation by a court-appointed psychologist.

3.5  On September 25, 2018, Ryan was examined by a court-appointed psychologist, who reported that Ryan was not competent to stand trial without prior treatment. However, Ryan alleges and would prove that he is not incompetent, and he has the required capacity to assist his counsel in his defense.

3.6  On January 15, 2019, Ryan appeared in Magistrate Court No. 12, and Magistrate Judge Andrew Carruthers ordered Ryan to be committed to the San Antonio State Hospital for treatment for a term of 60 days.

3.7  Neither Magistrate Judge Carruthers nor his court-appointed counsel advised Ryan regarding his right to a jury trial on the issue of capacity to stand trial. James Oltersdorf advised Magistrate Judge Carruthers that he agreed that Ryan needed treatment. However, Ryan did not consent, and he subsequently withdrew his court-appointed counsel's admission of incapacity to stand trial.

3.8  Upon information, there was no available space at the State Hospital. So Ryan was arrested and held without bond in the Bexar County Adult Detention Center pending availability of space at the State Hospital for treatment. Ryan has been confined to jail since January 15, 2019 without bond.

3.9  On March 21, 2019, Ryan filed a motion to dismiss the misdemeanor charges because he was denied due process, when he was not advised of his right to a jury trial on the issue of capacity to stand trial, and he was deprived of a jury

trial after he withdrew the admission of incapacity to stand trial by his court-appointed counsel. Ryan demanded a jury trial and filed a motion to set a hearing.

3.10  Since January 15, 2019, Ryan has been incarcerated by the Bexar County Sheriff without bond and deprived of his federally protected rights under the first, eighth and/or fourteenth amendments for an indeterminate period of time without just cause or lawful authority.

3.11  Ryan alleges and would prove that such deprivation has caused and continues to cause him to suffer actual damages due to involuntary incarceration including physical and mental harm and injury, for which he claims adequate compensation.

3.12  In particular, Ryal alleges and would prove that he has suffered extreme mental and emotional distress and anxiety including physical pain, headaches, loss of sleep, upset stomach, anger, frustration, fear and distress, which was proximately caused by his wrongful detention for an unreasonable period of time without just cause in violation of his federally protected rights, privileges and immunity.

3.13  Ryan's house has been burglarized during his incarceration, and he has lost most of his valuable personal property, which was proximately caused by his wrongful detention for an unreasonable period of time, which prevented him from protecting his property. Ryan alleges and would prove that his wrongful detention

without just cause violated his federally protected rights, privileges and immunity, which resulted in loss of his personal property.

3.14 Ryan also alleges and would prove that he has suffered and continues to suffer deprivation of his federally protected rights under the first, eighth and fourteenth amendments, such that he may be entitled to nominal damages.

3.15 On April 23, 2019, Ryan served Sheriff Salazar with a written notice of violations of his federally protected rights. Ryan also notified Sheriff Salazar of his intent to sue him, individually and in his official capacity for the above-described violations of his federally protected rights under the first, eight and/or fourteenth amendments pursuant to an official policy, practice or decision to incarcerate him without bond or conviction for an indeterminate period of time pending transfer to the State Hospital "under color of state law". Ryan notified Sheriff Salazar of his intent to sue pursuant to 42 U.S. Code Section 1983 & 1988 if he was not immediately or as soon as practicable released from jail without unnecessary delay. (A true and correct copy of Ryan's notice of federal claim and intent to sue is attached hereto and incorporated herein for all purposes).

3.16 Copies of Ryan's notice of his federal claim and intent to sue were also served on the Bexar County Judge and Bexar County District Attorney with courtesy copies delivered to County Courts at Law Nos. 12 & 14. Ryan submits that he had a federally protected right to give written notice of alleged violations

of his federally protected civil rights and to be free from retaliation and/or discrimination on the basis of his protected communication and/or his perceived disability.

3.17   Ryan alleges and would prove that Sheriff Salazar has discriminated against him and/or denied due process and/or equal protection on the basis of his perceived disability by treating him differently than other similarly situated persons, who have been released on bond and remained free pending trial. Ryan alleges and would prove that he should have enjoyed equal treatment and opportunity to remain free on bond because he was compliant with the terms and conditions of his bond.

3.18   Therefore, Ryan alleges and would prove that Sheriff Salazar had or should have had personal knowledge regarding Ryan's claims no later than April 23, 2019, such that Sheriff Salazar's failure or refusal to respond, but to continue the alleged violations of Ryan's federally protected rights, privileges and immunity, are grounds for liability in his individual capacity as well as his official capacity.

3.19   Ryan claims actual damages and/or injunctive relief due to physical and/or mental damages as well as loss of personal property in excess of $100,000 USD, as well as exemplary or punitive damages for negligent and grossly negligent or intentional violations of his federally protected rights under the first, eight and/or fourteenth amendments pursuant to 42 U.S. Code Section 1983 & 1988.

3.20  Ryan respectfully submits that he should be immediately released on bond, which was posted on or about July 7, 2018 by Rangel Bail Bonds, pending further proceedings. Ryan alleges and would prove that Rangel Bail Bonds has advised the undersigned counsel that Ryan is compliant with the terms and conditions of his bond, which has not been revoked.

3.21  As a proximate result of Sheriff Salazar's violations of Ryan's federally protected rights of free speech and association and/or due process and equal protection "under color of authority of state law", under the facts and circumstances, Ryan has suffered financial damages due to loss of personal property as well as extreme emotional distress and anxiety including depression, frustration, anger, disappointment, unhappiness, fear, financial embarrassment, loss of opportunity for social interaction, loss of enjoyment of life, loss of self esteem.

## IV. CAUSES OF ACTION

4.1 <u>Uncontitutional retaliation under the First and Fourteenth Amendments</u>:

A.     <u>Deprivation or infringement of protected communication and/association</u>. Plaintiff is suing under 42 U.S.C. § 1983 for an award of nominal and/or actual damages against Defendant Sheriff Salazar, individually and in his official capacity as Bexar County Sheriff, acting "under color of state law" pursuant to an official policy, practice, custom or decision, for violations of rights, privileges and immunity under the First and Fourteenth Amendments including freedom of speech and

association, freedom from discrimination on the basis of perceived disability or "legal incapacity," due process and/or equal protection.

Plaintiff alleges and would prove that Sheriff Salazar's unlawful actions deprived or infringed Plaintiff's federally protected rights to give written notice to Defendant alleging violations of his federally protected rights and/or to speak and associate with other persons in public as well as to protect his state and federal rights and advocate for the dismissal of the misdemeanor charges against him. Plaintiff also alleges and would prove that Sheriff Salazar's continued unlawful actions after receiving express written notice of Ryan's claims on or about April 23, 2019 continue to deprive or infringe his federally protected rights to speak and associate with each other regarding matters of general public concern including advocating for the dismissal of the misdemeanor charges against him.

B.   <u>Retaliation for protected communication</u>.  Plaintiff is suing under 42 U.S.C. § 1983 for an award of nominal and/or actual damages against Defendant Sheriff Salazar, acting "under color of state law" pursuant to an official policy, practice, custom or decision, for violations of rights, privileges and immunity under the First, Eighth and/or Fourteenth Amendments including freedom of speech and association, freedom from discrimination on the basis of perceived disability or "legal incapacity", due process and/or equal protection.

Plaintiff alleges and would prove that Sheriff Salazar's unlawful actions

depriving or infringing Plaintiff's' federally protected rights to speak and associate with other persons regarding his wrongful incarceration were motivated by retaliation for Plaintiff's speech advocating against his wrongful incarceration as well as to protect his state and federal rights to due process and equal protection including his written notice to Sheriff Salazar on or about April 23, 2019 complaining of violations of his federally protected rights, privileges and immunity. Plaintiff also alleges and would prove that Sheriff Salazar's unlawful actions depriving or infringing Plaintiff's federally protected right to petition the Sheriff for his release on or about April 23, 2019 addressed matters of general public concern including advocating for dismissal of the charges against him and protection of his federal rights.

C.  Denial or infringement of freedom of speech and association regarding due process and equal protection.

Plaintiff alleges and would prove that Defendant had a duty not to violate his federally protected rights to due process and equal protection. Sheriff Salazar also had a duty to uphold Ryan's federally protected civil rights and not to interfere with the lawful and free exercise thereof.  Sheriff Salazar knew or should have known that Ryan had federally protected rights to be free from discrimination or unequal treatment regarding his status as a person with a perceived disability, e.g., perceived incapacity to provide meaningful assistance in his defense of misdemeanor charges against him.

When Magistrate Judge Carruthers ordered Ryan's involuntary commitment for 60 days treatment at the San Antonio State Hospital, and Ryan was incarcerated by Sheriff Salazar, Defendant knew or should have known of Ryan's perceived disability. Defendant also knew or should have known that Ryan had a right to be free on bond just like any other similarly situated person, notwithstanding his perceived incapacity. Ryan also had a right to write and communicate with Sheriff Salazar and other persons including the Bexar County Judge and District Attorney regarding matters of general public concern including his wrongful incarceration. Sheriff Salazar also knew that he did not have lawful authority to deny Ryan's federally protected rights to be free from wrongful incarceration on the basis of his perceived disability, when he was in compliance with his bond.

However, Sheriff Salazar acted with deliberate indifference, recklessness, gross recklessness and/or malice, when he denied Ryan's federally protected rights, privileges and immunity from January 15, 2019 to the present and/or after April 23, 2019, when Defendant received personal notice of Ryan's federal claims, which proximately caused him to suffer damages and irreparable harm and injury.

The alleged deliberate and indifferent discrimination and/or unequal treatment, negligent and grossly negligent, reckless and grossly reckless and/or intentional failure or refusal to allow Ryan to be free on bond and to complain to Bexar County authorities regarding violations of his federally protected rights

10

without retaliation caused him to suffer physical pain as well as mental and emotional distress and anxiety under the facts and circumstances of this case.

Therefore, Plaintiff's claims are actionable under 42 U.S.C., Section 1983 because his injuries were more than de minimus and were caused by intentional deprivation of federally protected rights, privileges and immunity. In support of his claims the Plaintiffs allege and will prove each of the following by a preponderance of the evidence:

1. Defendant intentionally, arbitrarily or recklessly committed acts and/or omissions that violated one or more of Plaintiff's clearly established federal constitutional or statutory rights;

2. In so doing, Defendant acted under color of state law;

3. Defendant acted pursuant to the official policy, practice, custom or decision and/or order of the office of sheriff and/or magistrate court under "color of authority" of state law;

4. Defendant's actions include denial and/or infringement of Plaintiff's rights to be free on bond and to associate and communicate with persons in public and/or retaliation for exercising his federally protected rights, privileges and immunity; and

5. Defendant's actions "under color of State law" and the official policy, practice, custom or decisions and/or orders of the office of sheriff

11

and/or magistrate court were the legal causes of Plaintiff's injuries and damages.

4.2     Plaintiff claims an award of nominal and/or actual damages pursuant to 42 U.S.C., Section 1983 as well as costs of court including reasonable and necessary attorney's fees pursuant to 42 U.S.C., Section 1988 regarding his claims for damages for violation of his rights and freedom under the First, Eighth and/or Fourteenth Amendments.

4.3     Plaintiff further alleges and would prove that Sheriff Salazar cannot show that he may be entitled to qualified or official immunity because his actions and/or omissions violated Plaintiff's rights against unconstitutional deprivation of his rights to be free on bond and to associate and communicate with the public regarding matters of general public concern without retaliation, which were clearly established in this Circuit at the time of the incidents.

## V.  DAMAGES

5.1     Plaintiff incorporates the averments set forth above as if set forth verbatim for all purposes. Plaintiff alleges and would prove that he suffered nominal and/or substantial monetary damages as well as irreparable harm and injury as a result of Defendant's wrongful, tortious, unlawful, and/or negligent acts or omissions in the past.

5.2     Plaintiff claims nominal damages for violations of his constitutional rights under the First, Eighth and/or Fourteenth Amendments including freedom of association and speech, freedom from discrimination or retaliation on the basis of disability, due process and/or equal protection.

5.3     Additionally and alternatively, Plaintiff claims substantial monetary damages pursuant to his First, Eighth and/or Fourteenth Amendment claims against Defendant Sheriff Salazar, individually and in his official capacity as sheriff.  Plaintiff alleges and would prove that he has suffered damages proximately caused by the wrongful denial of freedom of association and speech; retaliation for exercising his freedom of speech; discrimination and/or retaliation on the basis of perceived disability; and denial of due process and/or equal protection, under the circumstances alleged in this case.

5.4     Plaintiff also claims nominal and/or actual and exemplary damages against Sheriff Salazar for his intentional and malicious denial of federally protected rights under the First, Eighth and/or Fourteenth Amendments including wrongful denial of freedom of association and speech; retaliation for publication of protected speech; discrimination and/or retaliation on the basis of perceived disability; and denial of due process and/or equal protection, under the circumstances alleged in this case.

5.5.    Plaintiff claims a right to recover money damages from Defendant in his individual and/or official capacity as sheriff, under the above listed theories of recovery.

5.6.    Plaintiff requests the Court to assess punitive or exemplary damages against Defendant in his individual and/or official capacities for intentional deprivation and retaliation with negligence and gross negligence, recklessness and gross recklessness, and/or intent after Defendant received express notice of Ryan's claims, under the facts and circumstances of this case.

5.7    Plaintiff also claims an award of pre-judgment and post-judgment interest according to law.

## VI.  INJUNCTIVE RELIEF

6.1    Additionally and alternatively, Ryan alleges and would prove that he may be entitled to immediate preliminary injunctive relief.

6.2    To date, Ryan been denied the opportunity to be free on bond due to his perceived disability and/or the exercise of his rights of free speech and association regarding alleged violations of his federally protected rights, which continue to be denied and/or infringed.

6.3    Continued delay directly affects Ryan's ability to exercise his rights of free speech and association and to be free from discrimination and/or unequal treatment

on the basis of his perceived disability to stand trial.

6.4    Sheriff Salazar's acts and/or omissions, "under color of state law", caused and continues to cause irreparable harm and injury including deprivation of Ryan's freedom and property and denial of his rights of free speech and association regarding his innosense and protected right to a jury trial on the issue of his competence without due process pursuant to the Fourteenth Amendment, under the facts and circumstances of this case.

6.5    Sheriff Salazar and Magistrate Judge Carruther's continued violations of Ryan's rights to be free from discrimination and/or unequal treatment on the basis of his perceived disability to stand trial, denial of due process including a jury determination of his capacity to stand trial, and/or retaliation for complaining about his wrongful incarceration and denial of his federally protected rights pursuant to the Fourteenth Amendment caused and continues to cause irreparable harm and injury to Ryan without due process pursuant to the Fourteenth Amendment including deprivation of free speech, association and property rights.

6.6    Ryan submits that monetary damages against Magistrate Judge Carruthers are not available in this case because the judge is absolutely immune from damages caused by his constitutional violations and monetary damages would not adequately compensate Ryan for the harm he has sustained, is sustaining, and/or will sustain as a result of the events described above.

6.7     Ryan further submits that monetary damages against Sheriff Salazar would not adequately compensate him for the harm he has sustained, is sustaining, and/or will sustain as a result of the violations of his federally protected rights, privileges and immunity. Therefore, Ryan may be entitled to injunctive relief.

6.8     Ryan alleges and would prove:

    1) that there is a likelihood of irreparable harm with no adequate remedy at law;

    2) that the balance of harm favors the movant;

    3) that there is a likelihood of Ryan's success on the merits of the case; and

    4) that the public interest favors the granting of the injunction.

6.9     Therefore, Ryan respectfully submits that it is necessary for this Court to grant emergency relief to protect him from irreparable harm and injury proximately caused by continuing denial and/or infringement of his fundamental rights to life, liberty and/or property without due process of law.

6.10    Specifically, Ryan requests this Court to grant emergency relief directing Sheriff Salazar to release Ryan on bond pending further orders.

6.11    After a final hearing on the merits, Ryan requests a permanent injunction restoring the status quo ante including enjoining Sheriff Salazar from violating Ryan's federally protected rights, privileges and immunity in the future.

## VII.   PREJUDGMENT AND POST JUDGMENT INTEREST

7.1     Ryan alleges and would prove that he has lost and/or will lose the opportunity to invest the sum of damages, which have been incurred or lost and may be awarded pursuant to a final judgment in this case.

7.2     Therefore Ryan requests an award of prejudgment and post judgment interest according to law.

## VIII.   COSTS OF COURT AND ATTORNEY FEES

8.1     Ryan has been required to incur attorney's fees and costs in order to protect his civil rights in this case, and he claims an award of costs of court and reasonable and necessary attorney's fees and expenses pursuant to 42 U.S.C., §1988 according to a jury verdict and judgment.

## IX.   JURY DEMAND

9.1     Plaintiff demands a jury trial.

## CONCLUSION AND PRAYER

WHEREFORE, premises considered, Ryan requests a jury trial and judgment pursuant to 28 U.S.C., Sections 1331 in order to secure relief authorized by 42 U.S.C., §§ 1983 and 1988 for violations of his rights to free speech and association under the First and/or Eighth Amendments and/or due process and equal protection under the Fourteenth Amendment. Plaintiff requests an Order:

1)     for preliminary injunction mandating Defendant to restore the status quo

ante before he wrongfully incarcerated Ryan, held him without bond, separated him from the public and prevented him from publicly advocating for his federally protected rights;

2) permanently enjoining Defendant from violating Ryan's federally protected rights, privileges and immunity in the future.

3) awarding prejudgment and post judgment interest according to law;

4) awarding Plaintiff costs of Court including reasonable and necessary attorney's fees pursuant to 42 U.S.C., Section 1988;

5) ordering such other relief, to which Plaintiff may be justly entitled.

          Respectfully submitted,

          Philip M. Ross
          1006 Holbrook Road
          San Antonio, TX 78218
          Phone: 210/326-2100
          Email: ross_law@hotmail.com
By:  /s/ Philip M. Ross
          Philip M. Ross
          State Bar No. 17304200
          Attorney for Ryan M. Frost

## VERIFICATION

STATE OF TEXAS         §
                       §
COUNTY OF BEXAR        §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Ryan M. Frost who being by me duly sworn on oath or affirmation deposed and said that he has read the above verified original complaint and that every statement of fact attributed to him, except statements based on information and belief, is within his personal knowledge and is true and correct.

*Ryn Frost*
Ryan M. Frost

    SUBSCRIBED AND SWORN TO BEFORE ME on May 5, 2019, to certify which witness my hand and official seal.

Notary in and for the State of Texas